IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2016 OCT 26 AM 9:43

OFFICE OF THE CLERK

| | |
|---|---|
| JOHN FASTRICH and UNIVERSAL INVESTMENT SERVICES, INC., | CASE NO. 8:16CV487 |
| Plaintiffs, | |
| vs. | CLASS ACTION COMPLAINT AND JURY DEMAND |
| CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCE, INC., AMERICAN FINANCIAL GROUP, INC., and CIGNA CORPORATION, | |
| Defendants | |

**COME NOW** Plaintiffs, on behalf of themselves and all other similarly situated, by and through their undersigned counsel, and in support of their Class Action Complaint and Jury Demand state to the Court the following:

## SUMMARY OF ALLEGATIONS

1. Plaintiffs are current and former regional managers, general agents, associate general agents, and/or agents of Continental General Insurance Company ("CGI") and/or, after August 2012, Cigna Corporation ("Cigna").

2. Plaintiffs were responsible for, among other things, selling insurance products offered by CGI and/or, upon information and belief, Cigna.

3. Pursuant to contractual agreements with CGI and/or Cigna, licensed agents are entitled to compensation known in the industry as "commissions", "renewals" and/or "overrides" on insurance products sold by licensed agents in their hierarchy.

4. A hierarchy consists of four levels of contracting—regional manager, general agent, associate general agent, and agent.

5. As defined in the contracts, overrides are the difference between the compensation paid to individuals in the hierarchy. Regional managers and/or general agents are entitled to renewals or overrides from the agents in their hierarchy.

6. A licensed agent is entitled to commissions on insurance products that he or she sells and becomes agent of record. Whenever an insurance product is sold, the agent who took the original information is considered the agent of record.

7. The agent of record is entitled to commissions and/or renewals on in-force policies and/or replacement policies. In the case of CGI and, upon information and belief, Cigna, if an agent of record receives less than $600 of renewals and/or overrides in a 12-month period, the company can terminate his or her commissions, renewals, or overrides on all in-force policies. This circumstance is known in the industry as non-vesting.

8. In the case of non-vesting, the commissions, renewals, and/or overrides then revert to the next agent up in the hierarchy.

9. If an agent of record receives more than $600 of renewals and/or overrides in a 12-month period, the commissions and/or renewals are paid to the agent. This is known as vesting.

10. Pursuant to the CGI and, upon information and belief, Cigna contracts, an agent of record is entitled to commissions, overrides, and/or renewals even if his or her contract to represent the company is terminated.

11. In the case where commissions, renewals, and/or overrides revert to the next agent up in the hierarchy, that agent then becomes the agent of record. The agent of record changes each time commissions and renewals revert up the hierarchy due to non-vesting.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). With respect to CAFA: (a) the amount in controversy exceeds the jurisdictional amount of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2); (b) the Class consists of thousands of injured persons, and (c) some members of the Class, including Plaintiffs, are citizens of States other than those of Defendants.

13. Venue in this judicial District is proper under 28 U.S.C. § 1391(b)(1) and (2). A substantial part of the events or omissions giving rise to the claims occurred within this District, Defendant CGI's business headquarters were located in this District at all relevant times, and, upon information and belief, the contracts between Plaintiffs and CGI and/or Cigna require disputes to be litigated in this District.

## PARTIES

14. Plaintiff John Fastrich is a licensed insurance agent and a Carmel, Indiana resident, with his principal place of business in Carmel, Indiana.

15. Plaintiff Universal Investment Services, Inc. ("UIS") is an Indiana insurance agency with its principal place of business in Carmel, Indiana. Plaintiff John Fastrich is the principal of Plaintiff Universal Investment Services, Inc.

16. Both Plaintiffs sold insurance products at issue in this case offered by CGI and/or Cigna.

17. Continental General Insurance Company ("CGI") is an Ohio corporation with its principal place of business in Austin, Texas and its former principal place of business in Omaha, Nebraska. CGI is licensed to sell insurance products in 48 states and the District of Columbia.

18. Defendant Great American Financial Resources, Inc. ("GAFRI") is an Ohio corporation with its principal place of business at Austin, Texas.

19. Defendant American Financial Group, Inc. ("AFG") is a Delaware corporation with its principal place of business in Cincinnati, Ohio. AFG owns CGI and GAFRI and is fully responsible for their wrongful acts.

20. CGI became part of GAFRI in 2006.

21. Defendant Cigna Corporation ("Cigna") is a Delaware corporation with its principal place of business in Bloomfield, Connecticut. In or about August 2012, Cigna acquired the Supplemental Benefits Division of Defendant AFG, which Division distributed certain insurance lines at issue in this case, including Medicare supplements. References to Cigna in this Complaint pertain to conduct that occurred after August 2012.

## FACTS

22. Plaintiffs sold policies for CGI and Cigna, including but not limited to Medicare supplements, long-term care, senior life, and annuities.

23. On information and belief, CGI, GAFRI, and/or Cigna filed requests for approval for various new products with the appropriate state insurance commissions.

24. After obtaining state approval of these new products, CGI, GAFRI, and Cigna began contacting existing policyholders and replacing the in-force policies with the new products. GAFRI and/or Cigna instructed policyholders to switch policies when receiving rate increase letters on existing CGI and/or Cigna products, respectively.

25. GAFRI and/or Cigna replaced existing policies with new policies and replaced existing agents of record with new agents of record.

26. The original terminated agents of record were not allowed to market the new CGI and/or Cigna products. Instead, GAFRI and/or Cigna licensed new agents, some of whom were in-house, to market the replacement products.

27. Plaintiffs have lost commissions, renewals, and overrides on the replacement policies and will continue to lose commissions, renewals, and overrides on said policies in the future.

28. The new policies that replaced the original CGI and/or Cigna Medicare supplement policies had a reduced commission cycle with renewals paid for a total of six years rather than a lifetime renewal commission cycle.

29. As a result of replacing the existing policies and then terminating commissions, renewals, and overrides of the existing agents of record, a number of agents of record became non-vested.

30. GAFRI and/or Cigna did not revert the commissions, renewals, or overrides to the agent next in the CGI and/or Cigna hierarchy, respectively. Instead, GAFRI and/or Cigna retained the commissions of the non-vested agents.

31. Regardless whether a policy was replaced by a new policy by in-house marketing organizations and/or selected outside agents, Plaintiffs remain the agents for record for the purpose of receiving commissions, renewals, and/or overrides.

32. The contracts between Plaintiffs, on one side, and CGI or Cigna, on the other side, did not provide that CGI, GAFRI, and/or Cigna's in-house marketing organization was to receive commissions, renewals or overrides on replacement policies.

33. The contracts between Plaintiffs, on one side, and CGI and/or Cigna, on the other side, also did not provide that CGI, GAFRI, and/or Cigna were permitted to retain commissions, renewals, and/or overrides when licensed agents became non-vested.

34. The contracts between Plaintiffs, on one side, and CGI and/or Cigna, on the other side provided that the agents of record were to receive commissions on premium increases on long term care policies written before January 2000.

35. CGI, GAFRI, and/or Cigna breached their contractual agreements with Plaintiffs by failing to pay Plaintiffs commissions, renewals, and overrides on replacement policies.

36. CGI, GAFRI, and/or Cigna breached their contractual agreements with Plaintiffs by failing to pay commissions, renewals, and/or overrides to the next agent up in the hierarchy when agents became non-vested.

37. CGI, GAFRI, and/or Cigna breached their contractual agreements with Plaintiffs by not paying commissions, renewals, and/or overrides on the premium increases on long term care policies written before January 2000.

38. CGI, GAFRI, and/or Cigna failed to allow Plaintiffs to market CGI, GAFRI, and/or Cigna's new products, and failed to allow Plaintiffs to convert existing policyholders to the new policies.

39. Defendants have engaged in unfair marketing practices by, among other things, canceling existing policies, replacing the policies with new policies, attempting to cancel the Plaintiffs as agent of record, allowing their in-house marketing organization and/or selected outside agents to market the replacement policies, and not allowing Plaintiffs to market the new products.

40. In addition to past commissions, renewals, and/or overrides due Plaintiffs, Plaintiffs are entitled to future commissions, renewals, and/or overrides on replacement policies that remain in force.

41. CGI, GAFRI, and/or Cigna's actions were intentional, willful, and wanton, entitling Plaintiffs to punitive damages.

## **CLASS ACTION ALLEGATIONS**

42. Pursuant to Fed. R. Civ P. 23, Plaintiffs bring this action on behalf of themselves and the putative class members as defined below:

> All current and former regional managers, general agents, associate general agents, and/or agents of CGI and/or Cigna who have lost commissions, renewals, and/or overrides as a result of Defendants' wrongful conduct alleged herein.

43. Excluded from the proposed class are: (a) Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and (b) Defendant's legal representatives, predecessors, successors and assigns.

44. The requirements for maintaining this action as a class action are satisfied as follows.

45. Fed. R. Civ. P. 23(a)(1): Numerosity. The proposed class is so numerous and so geographically dispersed that the individual joinder of all absent class members is impracticable. While the exact number of absent class members is unknown to Plaintiffs at this time, it is ascertainable by appropriate discovery and Plaintiffs are informed and believe, based on the nature of trade and commerce involved, that the proposed class may include hundreds of members, thus satisfying the requirements of Rule 23(a)(1).

46.  Fed. R. Civ. P. 23(a)(2): Common Questions of Law or Fact Predominate. Common questions of law or fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions of law or fact include, but are not limited to:

   a. Whether Defendants breached any contractual obligations to Plaintiffs;

   b. Whether Defendants tortuously interfered with any contractual rights of Plaintiffs;

   c. Whether Defendants were unjustly enriched by Plaintiff's actions;

   d. Whether Plaintiffs and the class members have suffered damages as a result of Defendants' conduct;

   e. Whether Plaintiffs and the class members are entitled to damages, including punitive damages; and

   f. The measure of damages.

47.  Fed. R. Civ. P. 23(a)(3) and (4): Typicality and Adequacy. Plaintiffs' claims are typical of the class members' claims, and Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel with substantial experience in class actions and in complex litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the class members, and have the financial resources to do so. Neither Plaintiffs nor their counsel has any interests adverse to the class members' interests.

48.  Fed. R. Civ. P. 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The Plaintiffs' damages are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for the class members to seek redress on an individual basis.

Individualized litigation would also pose the threat of significant administrative burden to the court system. Individual cases would create the potential for inconsistent or contradictory judgments, and would increase delay and expense to all parties and the court system. By contrast the class action device presents far fewer management difficulties and provides the streamlined benefits of singular adjudication and comprehensive supervision by one court. Given the similar nature of the class members' claims, the class will be easily managed by the Court and the parties and will be managed more efficiently in this integrated class action than through multiple separate actions in the various states.

## COUNT I – BREACH OF CONTRACT

49. Plaintiffs incorporate the above paragraphs by reference.

50. Defendants breached the agreements described above by, among other things: (a) canceling CGI and/or Cigna's existing policies; (b) replacing the existing policies with new policies and replacing Plaintiffs as agents of record; (c) allowing GARFI and/or Cigna's in-house marketing organization and/or selected outside agents to market the replacement policies while at the same time not allowing Plaintiffs to market the new products; and (d) failing to pay past and present commissions, renewals, and overrides due Plaintiffs.

51. As a result of Defendants' breach of contract, Plaintiffs and the class members have been damaged in an amount to be determined at trial.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT

52. Plaintiffs incorporate the above paragraphs by reference.

53. Plaintiffs have valid, existing contractual relationships with CGI and/or Cigna, and had an expectation of the continuation of those relationships.

54. Defendants were aware of the contracts between Plaintiffs and CGI and/or Cigna.

55. Defendants were aware of all the policies on which Plaintiffs were agent of record.

56. Defendants were aware Plaintiffs considered themselves agents of record on the existing policies and expected payment of commissions, renewals, and overrides in the future from all policies that remained in force.

57. Defendants intentionally and wrongfully interfered with Plaintiffs' contractual relationships with their clients—CGI and/or Cigna's insureds—causing a termination of the relationships and Plaintiffs' related business expectancies.

58. As a result of Defendants' wrongful conduct, Plaintiffs and the class members have been damaged in an amount to be determined at trial.

### COUNT III – UNJUST ENRICHMENT

59. Plaintiffs incorporate the above paragraphs by reference.

60. If Defendants are permitted to terminate their relationships with Plaintiffs, they will receive the benefit of all of Plaintiffs' labor, efforts, investments, trade secrets, reputation, name, image, market, goodwill, research, commissions, renewals, and overrides.

61. By terminating their relationships with Plaintiffs, Defendants have and will in the future keep and retain the economic benefit of Plaintiffs' long time businesses.

62. Plaintiffs have not been compensated for such items and their benefits by Defendants. The retention by Defendants of all such items and benefits would be at Plaintiffs' and the class members' expense and would constitute unjust enrichment in an amount to be determined at trial.

## JURY DEMAND

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment:

1. Awarding money damages, including prejudgment interest, on each claim in an amount to be established at trial;

2. Awarding attorneys' fees and costs, and other relief;

3. Granting such other relief as to this Court may seem just and proper.

Dated: October 25, 2016

> PEIFFER, ROSCA, WOLF,
> ABDULLAH, CARR & KANE
> A PROFESSIONAL LAW CORPORATION
> */s/ Alan Rosca*
> By: Alan Rosca
> 1422 Euclid Avenue, Suite 1610
> Cleveland, Ohio 44115
> Telephone: (216) 570-0097
> Facsimile: (888) 411-0038
> E-Mail: arosca@prwlegal.com
>
> SHINDLER ANDERSON GOPLERUD &
> WEESE P.C.
> J. Barton Goplerud
> Brian O. Marty
> 5015 Grand Ridge Drive, Suite 100
> West Des Moines, Iowa 50265
> Telephone: (515) 223-4567
> Facsimile: (515) 2223-8887
> E-Mail: goplerud@sagwlaw.com
>          marty@sagwlaw.com
>
> *Counsel for Plaintiffs*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN FASTRICH and UNIVERSAL INVESTMENT SERVICES, INC.

### DEFENDANTS
CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCE, INC., AMERICAN FINANCIAL GROUP, INC., and CIGNA CORPORATION

(b) County of Residence of First Listed Plaintiff: **Hamilton County, Indiana**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Douglas County, Nebraska**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Peiffer Rosca Wolf Abdullah Carr & Kane
1422 Euclid Avenue, Suite 1610, Cleveland, Ohio 44115
(216)-589-9280

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)

Brief description of cause:
Class action involving claims for breach of contract, tortious interference with contract and unjust enrichment

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/25/2016

SIGNATURE OF ATTORNEY OF RECORD: /s/ Alan L. Rosca

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____