IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN FASTRICH and UNIVERSAL INVESTMENT SERVICES, INC., <br><br>　　　　　Plaintiffs, <br><br>　vs. <br><br>CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INC., AMERICAN FINANCIAL GROUP, INC. and CIGNA CORPORATION, <br><br>　　　　　Defendants. | CASE NO. 8:16CV487 |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
JOINT RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

　　Defendants, by their respective attorneys, respectfully submit this brief in support of their joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  The complaint should be dismissed on multiple grounds for failing to meet basic pleading standards for each claim it tries to assert.

### Summary

　　Plaintiff John Fastrich, for himself, his insurance agency, Universal Investment Services, Inc. (collectively, "Fastrich"), and purportedly for other members of a supposed class, alleges he had contracts that appointed him as an insurance producer with certain of the insurance company defendants and that entitled him to commissions he did not receive.  He alleges that the defendants took steps to replace certain old policy forms with new state-approved forms that

---

[1] Individual defendants may have defendant-specific arguments, which they will submit in separate briefs.

these defendants then marketed to policyholders. While there is nothing wrong with an insurance company obtaining state approvals of new forms and selling the approved policies, Fastrich contends that these actions breached vaguely described "contracts" he had with one or more of the defendants and cost him commissions and opportunities.

Each Count should be dismissed, for the following reasons.

1. Count I for breach of contract fails to allege even the most basic elements of a breach of contract claim. Beyond high-level, generic allusions of contracts and breaches, Fastrich has not attached the contracts he claims were breached, cited or quoted any provision in them, identified any particular contractual term or duty in them that was breached, or explained how any such term or duty was breached. Fastrich also impermissibly lumps all the defendants into every act of alleged wrongdoing. He appears unable to allege what contracts they may be a party to or who owes him money. His supposed damages are also inherently speculative. He fails to allege which (if any) of the policies he sold are still in force such that he could even conceivably be entitled to any compensation. He also does not (and cannot) identify any policy he might have been able to sell.

2. Count II's alleged claim for tortious interference is likewise materially deficient. Fastrich alleges that the defendants interfered either with their own contracts with him, or with their own insurance policy contracts with their policyholders. Either way, the defendants cannot have "tortiously interfered with" their own contracts.

3. Count III fails because unjust enrichment is not available as a ground for relief where a plaintiff claims breach of contract. Fastrich also fails to allege any conduct that could substantiate the notion that the defendants have been unjustly enriched, and impermissibly seeks prospective relief for future commissions.

4.     Fastrich's additional requests for punitive damages, attorneys' fees, and litigation costs all fail under Nebraska law.  Punitive damages are unconstitutional in Nebraska and attorneys' fees and costs are not available in civil cases between private parties absent a specific statutory right.

### Allegations of the Complaint[2]

The complaint alleges that defendant American Financial Group, Inc. ("AFG") owns defendants Continental General Insurance Company ("CGI") and Great American Financial Resources, Inc. ("GAFRI").  (¶ 19.)[3]  Defendant Cigna Corporation ("Cigna") allegedly acquired AFG's "Supplemental Benefits Division" in August 2012.  (¶ 21.)

The complaint alleges that Fastrich is among a set of individuals who were "current or former regional managers, general agents, associate general agents, and/or agents" of CGI "and/or, after August 2012, Cigna."  (¶ 1.)  The complaint does not identify which of these roles Fastrich held.

The complaint alleges that Fastrich had "contractual agreements with CGI *and/or* Cigna" and that he sold insurance products "offered by CGI *and/or* Cigna."  (¶¶ 3, 16.)  It alleges that that these unidentified contracts were breached, that these contracts were tortiously interfered with by the defendants, and that the defendants have otherwise been unjustly enriched at Fastrich's expense.  (¶¶ 49-62.)  The alleged contracts are not, however, attached to the complaint, nor are any of their provisions cited or described in any detail.  The complaint uses

---

[2] For purposes of this motion, the plaintiffs' allegations are deemed true.  In the event that this litigation continues beyond the disposition of this motion, the defendants reserve their right to challenge the accuracy of the complaint's allegations.  The plaintiffs' failure to identify the contracts or contract terms under which they are suing also deprives the defendants from raising in this motion other defenses that might be typical in agency contracts (such as dispute resolution requirements, exhaustion, waiver, timing requirements, or anything else).

[3] All paragraph citations are to the complaint and all emphasis is added.

"and/or" frequently when describing Fastrich's relationships with the defendants, and largely does not specify which defendant engaged in particular conduct or with which defendant he had relationships.

The complaint alleges in generic terms that these unidentified contracts with "CGI *and/or* Cigna" entitled Fastrich to some "commissions, renewals, and/or overrides," on insurance policies he sold, for which he was "agent of record," or which were sold by other agents in the same "hierarchy." (¶¶ 3, 6-7.)  The complaint does not attach or identify any of these policies, but states that "CGI *and/or* Cigna" at some undefined point obtained state approvals to replace the policies with new ones and then removed him as agent of record. (¶¶ 23-25.)  Fastrich alleges he then could not sell new policies and he directly or indirectly lost commissions on policies that were replaced. (¶¶ 26-39.)

The complaint also alleges that Fastrich was entitled to commissions on premium rate increases on certain long-term care policies written before January 2000. (¶¶ 34, 38.)  But it again does not state whether he ever sold such a policy prior to January 2000, whether the contracts had terms that gave him the right to commissions, or when any breach occurred. (¶ 34.)

### Argument

A plaintiff's pleading obligation "to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (affirming dismissal).  The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Kulkay v. Roy*, 847 F.3d 637, 641-42 (8th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (affirming dismissal). The complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (affirming dismissal). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Kulkay*, 847 F.3d at 642 (citing *Iqbal*, 556 U.S. at 678). Fastrich's complaint altogether fails to meet this standard.

I.  **The complaint fails to state a claim for breach of contract.**

Fastrich's breach of contract claim fails to state a claim for three reasons: (a) the claim fails to meet the pleading requirements necessary to state a breach of contract claim; (b) he lumps all the defendants together in his allegations, in an impermissible and implausible manner; and (c) his damages allegations are implausible and speculative.

  A.  **The complaint fails to meet the applicable pleading requirements.**

A complaint alleging breach of contract must allege the contractual rights that were allegedly breached. *Stark v. Audio Mktg. Sols., Inc.*, 2010 WL 3789572, at *3 (D. Neb. Sept. 21, 2010). A breach of contract complaint "must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient." *Gillis v. Prinicipia Corp.*, 832 F.3d 865, n.11 (8th Cir. 2016) (internal citation omitted).[4] "A plaintiff who fails to point to an identifiable contractual promise that the defendants did not honor has not alleged a contract claim that plausibly entitles him to relief." *Superior Servs. v. Universal Warranty Corp.*, 2016 WL 2986253, at *5 (D. Neb. May 20, 2016). Courts will dismiss complaints that "contain no more than a claim that a [c]ontract existed" and a "bare legal

---

[4] *Gillis* concerned Missouri rather than Nebraska contract law, but the standards are not meaningfully different and the relevant point here concerns the basic pleading requirements.

conclusion that" it was breached. *Braddock v. Primus Grp., Inc.*, 2014 WL 12605519, at *6-7 (D. Neb. Feb. 5, 2014). "In breach of contract actions, the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient." *Gillis*, 832 F.3d at n.11 (internal alterations omitted).

The complaint violates those standards. Fastrich has not attached the contract(s) he claims were breached. He has not identified them by name or date. He has not identified the parties to the contracts. He has not alleged what the contracts' terms are, what conduct the contracts prohibit or require, or how a particular defendant's conduct breached a particular term. These are the exact type of vague allegations that the above-cited cases deem to be insufficient.[5]

Consider, for example, the complaint's allegation that "contracts" were breached when CGI "and/or" Cigna "canceled existing policies" and did not give Fastrich the chance to sell new state-approved policies. (¶ 50.) Fastrich fails to allege that there was a contract that precluded the cancellation and replacement of policies, let alone a contract that required any defendant to permit Fastrich an opportunity to sell new policies. Even if there were such terms, the complaint likewise fails to allege what any defendant did to cancel those policies and how those actions breached a contract.

In sum, the complaint fails to provide even the most basic notice as to what the plaintiffs allege constitutes a breach of contract. The complaint fails to state a claim and must be dismissed.

---

[5] Nor can Fastrich claim that his insufficient pleading should be excused on the promise that discovery will address the issues, because a "plaintiff does not get to wait until discovery to identify what promises the defendant has breached." *Id.*

### B. Fastrich impermissibly lumps all the defendants together.

The complaint should be dismissed for the separate reason that the plaintiffs have impermissibly lumped together all the defendants in their allegations in an impermissible and implausible manner. As one appellate court has ruled:

> Liability is personal. An allegation that *someone* [engaged in wrongdoing] does not propound a plausible contention that a *particular person* did anything wrong. The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed.

*Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).[6]

The complaint violates the prohibition against lumping defendants together. It names four parties as defendants, but makes almost no effort to sort out the allegations among these defendants or with respect to other factual matters. Most glaringly, the complaint frequently utilizes the term "and/or" with respect to their allegations against the defendants, essentially alleging that every defendant (but never one specifically) committed every allegedly wrongful act. (*See* ¶¶ 1, 2, 3, 13, 16, 23, 24, 25, 26, 28, 30, 32, 33, 34, 35, 36, 37, 38, 41, 42, 50, 53, 54, 57.) This is wrongful and should not be permitted. Pleading in this manner provides no effective notice to any defendant about alleged wrongdoing.[7]

---

[6] Other courts agree. *Tatone v. Suntrust Mortg., Inc.*, 857 F. Supp. 821, 831-832 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); *Qwest Commc'ns Co. v. Free Conf. Corp.*, 990 F. Supp. 2d 953, 969-970 (D. Minn. 2013); *see also Boggs v. Am. Optical Co.*, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015); *Scott v. Dawson*, 2014 WL 2515395, at *2 (E.D. Mo. June 4, 2014) ("lump[ing] claims of alleged misdeeds together . . . only serves to confuse and complicate the record; Defendants should not be required to sift through Plaintiff's allegations to discern which ones apply to which Defendants.").

[7] The impermissible lumping is cause to dismiss the entire complaint inasmuch as the "and/or" pleading permeates the entire complaint on its face and because all allegations are incorporated

C. **Fastrich's theory of causation and damages is inherently speculative.**

The third reason Fastrich's breach of contract claim fails is that it hinges on a completely speculative theory of causation and damages. Under Nebraska law, "[d]amages which are uncertain, speculative, or conjectural cannot be a basis for recovery." *Hitzemann v. Adam*, 518 N.W.2d 102, 107 (Neb. 1994); *Lerner v. TD Ameritrade, Inc.*, 2015 WL 12732467, at *11 (D. Neb. Aug. 20, 2015) (granting a motion to dismiss, in part, because Plaintiff's alleged damages were "hypothetical or illusory"). When there is "uncertainty as to the fact of whether damages were sustained at all," such uncertainty is "fatal to recovery." *Sack Bros. v. Great Plains Co-op., Inc.*, 616 N.W.2d 796, 809 (Neb. 2000).

Fastrich alleges both that he was damaged and will in the future be damaged due to the alleged failure to pay him compensation on insurance policies. (*See, e.g.*, ¶¶ 27, 40.) This includes unidentified policies that he had once been agent of record on, as well as policies he might have sold and thus been agent of record on had he been permitted to sell the new state-approved policy forms. (¶ 50.) Both theories are speculative and unconnected to any contractual breach. Fastrich effectively concedes that any policy-related compensation is only due, at most, for as long as a particular policy is in force. (*See* ¶ 40 (claiming entitlement to compensation on in-force policies).) But policyholders are free to terminate their insurance or replace it with a new policy. Their policies would also expire as individual policyholders pass away. Any or all of these events, as opposed to some unidentified breach of contract by one of the defendants, would have been the foreseeable proximate cause of the termination of any compensation stream

---

into every claim. (*See* ¶¶ 49, 52, 59.) Rather than repeat this argument for every cause of action, the defendants incorporate this argument for the tortious interference and unjust enrichment claims.

from such policies. Fastrich does not allege that any action by one of the defendants was the true cause of his alleged harm.

Moreover, Fastrich's contention that he is entitled to compensation on policies he never sold, but which he speculates he might have sold if permitted, is pure conjecture and unconnected to any possible contractual breach. To support this notion, Fastrich would need to establish and prove that there were specific potential policyholders ready, willing, and able to purchase insurance from him. He would then need to establish the amount of premium payable on each policy he might have sold, the dates each policy would have become effective, and the dates and amounts of commissions he might have been entitled to, which would be dependent on how much each policy cost and how long each policy remained in force. He does not allege any of those items.

Fastrich's contention that he is owed compensation on long-term care policies sold prior to January 2000 is likewise speculative. Fastrich does not allege that he ever sold a long-term care policy during the requisite period, and one is left to guess that this might have occurred. Accordingly, Fastrich's breach of contract claim should be dismissed under Rule 12(b)(6) for failure to state a claim.

II. The complaint fails to state a claim for tortious interference.

Among other things, a tortious interference claim requires: "the existence of a valid business relationship or expectancy . . . [and] an unjustified intentional act of interference on the part of the interferer." *Bussing v. COR Clearing, LLC*, 20 F. Supp. 3d 719, 737 (D. Neb. 2014). Fastrich's claim of tortious interference fails for two separate and independent reasons: (a) a party cannot interfere with its own contract, as the "valid business relationship" must be between the plaintiff and a third party; and (b) Fastrich has not alleged that any of the defendants' conduct was unjustified and intentional.

### A.　　The defendants cannot tortiously interfere with their own contracts.

It is well settled that a party cannot be liable in tort for interfering with its own contract. *Brian v. Westside Cmty. Sch. Dist.*, 2006 WL 2375482, at *9 (D. Neb. Aug. 14, 2006) (*citing Huff v. Swartz*, 606 N.W.2d 461, 467 (Neb. 2000)); *Bussing v. COR Clearing, LLC*, 2014 WL 6997854, at *8 (D. Neb. Dec. 10, 2014) (same); *see also Cutter v. Lincoln Nat. Life Ins. Co.*, 794 F.2d 352, 356 (8th Cir. 1986). Tortious interference requires a "third party," in that the defendant must be an outsider that induces some other party to breach a contract with the plaintiff. *See, e.g.*, *Bussing*, 20 F. Supp. 3d at 737. Otherwise, every breach of contract claim would be transformed in to a tort claim.

Fastrich's tortious interference claim fails. It amounts to a claim that the defendants have tortiously interfered with their own contracts with him or with their own contracts with their policyholders. Fastrich does not allege that the defendants induced some third party to breach a contract with him. He alleges that (a) he has "valid, existing contractual relationships with CGI and/or Cigna, and had an expectation of the continuation of those relationships;" (b) the defendants, including CGI and Cigna, "were aware of the contracts between Plaintiffs and CGI and/or Cigna;" (c) the "Defendants were aware of all the policies on which Plaintiffs were agents of record;" (d) the plaintiffs "considered themselves agents of records on the existing policies [with policyholders];" and (e) the "Defendants intentionally and wrongfully interfered with Plaintiffs' contractual relationships with their [the Plaintiffs'] clients—CGI and/or Cigna's insureds—causing a termination of the relationships and Plaintiffs' related business expectancies." (¶¶ 53-57.)

Fastrich thus fails to allege the existence of any outside entity that induced another party to breach a contract with him. His deficient theory is that the defendants had contracts with

Fastrich, and the defendants breached those contracts. His tortious interference claim thus is an unsuccessful effort to repackage the already-deficient breach of contract claim.

Fastrich also seems to contend that the defendants interfered with their own insurance contracts with policyholders (who Fastrich alleges were his clients). This theory has no factual support and suffers from the same problem that the defendants cannot be liable for interfering with contracts to which they are a party. Insurance contracts are contracts between the defendant insurance companies and their policyholders. They are not contracts between Fastrich and the policyholders—and Fastrich does not disagree. He does not allege (nor could he) that he had his own contracts with policyholders such that any of the defendants could be found to have interfered with such contracts. This is fatal to any claim of interference with respect to policyholders (and their underlying policies) because an agent for an insurance company does not have the type of relationship with policyholders that can give rise to a tortious interference claim. *Cutter*, 794 F.2d at 357 ("[a]n agent is not in a position to claim tortious interference by the principal where the principal is overseeing contracts made by the agent on the principal's behalf").

## B.  Fastrich has not alleged unjustified conduct.

To state a claim of tortious interference with a contract, a plaintiff must allege that the outside party's actions were unjustified and intentional. *Recio v. Evers*, 278 Neb. 405, 419, 771 N.W.2d 121, 132 (Neb. 2009). The conduct alleged must be "improper" and amount to an "unjustified intentional act of interference" with the contract or expectancy. *Huff*, 606 N.W.2d at 467-69. Fastrich fails to point to any duty (contractual or otherwise) that would rise to the level of improper of unjustified intentional acts of interference. Count II therefore should be dismissed.

### III. The complaint fails to state a claim for unjust enrichment.

Count III for unjust enrichment claim also should be dismissed. Unjust enrichment is a quasi-contractual theory meant only to apply where the parties lack an actual contract. Where, as here, a plaintiff alleges the existence of an express contract and alleges that there is a "relationship" between the parties based on this contract, he cannot simultaneously pursue a claim for unjust enrichment. *City of Scottsbluff v. Waste Connections of Nebraska, Inc.*, 809 N.W.2d 725, 740 (Neb. 2011) ("the terms of an enforceable agreement normally displace any claim of unjust enrichment within their reach") (internal quotations omitted); *First Express Servs. Grp., Inc. v. Easter*, 840 N.W.2d 465, 476 (Neb. 2013) ("liability under a contract displaces liability under an unjust enrichment theory"). Simply put, "unjust enrichment is not a viable theory when an enforceable contract governs the damages at issue." *Williams Sols., Inc. v. Cambian Bus. Servs., Inc.*, 2009 WL 1652254, at *3 (D. Neb. June 10, 2009) (granting defendant's motion to dismiss where plaintiff's alleged damages for unjust enrichment flowed from defendant's alleged breach of contract). Moreover, a claim for unjust enrichment requires allegations that the defendant "in justice and fairness ought to pay the money to the plaintiff." *Kanne v. Visa U.S.A. Inc*., 723 N.W.2d 293, 302 (Neb. 2006).

For all the reasons set forth above, the allegations in Fastrich's complaint are wholly insufficient to state a claim that any of the defendants engaged in activity that "in justice and fairness" requires money to be returned to Fastrich. The complaint is far too vague and generic for any plausible assertion of unjustified or improper conduct.

### IV. Fastrich's request for punitive damages and attorneys' fees and costs, and his allegation of "unfair marketing practices," should be stricken.

Although Fastrich alleges entitlement to punitive damages (¶ 41), punitive or exemplary damages are prohibited by the Constitution of the State of Nebraska, and are thus unrecoverable

.
.

in civil cases. *Miller v. Kingsley*, 230 N.W.2d 472, 474 (Neb. 1975); *Factory Mut. Ins. Co. v. Nebraska Beef, Inc.*, 2010 WL 338042, at *1 (D. Neb. Jan. 19, 2010); *see also Kabasinskas v. Haskin*, 2011 WL 1897546, at *5 (D. Neb. May 18, 2011).

Likewise, in his *ad damnum* clause, Fastrich contends he is entitled to attorneys' fees and costs. However, "attorney fees are recoverable in Nebraska only where provided by statute or allowed by custom. Thus, a contractual provision that in the event of any dispute or litigation involving the contract, the prevailing party shall be entitled to recover all costs of suit, including reasonable attorney fees, is contrary to public policy and void." *GFH Fin. Servs. Corp. v. Kirk*, 231 Neb. 557, 567 (Neb. 1989) (internal citations omitted). Here, Fastrich does not identify any contractual entitlement to attorneys' fees or cost of suit, and such a provision would be void in any event. Nor does he identify (or could he identify) any statute which might entitle him to attorneys' fees or costs.

Fastrich generically states that the "Defendants have engaged in unfair marketing practices," but he fails to aver that this is a specific cause of action or that this allegation is anything but superfluous. (¶ 39.) Indeed, it seems this allegation is included not to give rise to a legitimate cause of action, but to falsely increase the seriousness of the defendants' alleged conduct. As a result, this allegation is immaterial because it has no impact on Fastrich's actual claims and no basis in law, and is otherwise impertinent because it is not responsive or relevant to issues involved in this case. *Evans v. Nebraska Beef, Ltd.*, 2013 WL 4517258, at *4-5 (D. Neb. Aug. 21, 2013).

Accordingly, to the extent his claims are not dismissed in their entirety, Fastrich's request for punitive damages and attorneys' fees and costs, and his allegation of "unfair marketing practices," should be stricken.

## Conclusion

The complaint should be dismissed for failure to state a claim upon which relief can be granted.

| | |
|---|---|
| Dated: February 27, 2017 | Respectfully submitted, |
| CONTINENTAL GENERAL INSURANCE COMPANY | GREAT AMERICAN FINANCIAL RESOURCES, INC., and AMERICAN FINANCIAL GROUP, INC. |
| By: /s/ Edward D. Hotz | By: /s/ Brian P. Muething |
| Edward D. Hotz (#11927)<br>Pansing, Hogan Ernst & Bachman LLP<br>10250 Regency Circle Suite 300<br>Omaha , NE  68114-3728<br>E ehotz@pheblaw.com | James R. Matthews (admitted pro hac vice)<br>Brian P. Muething (admitted pro hac vice)<br>Keating Muething & Klekamp PPL<br>One East Fourth Street, Suite 1400<br>Cincinnati, OH 45202<br>E jmatthews@kmklaw.com<br>E bmuething@kmklaw.com<br><br>James G. Powers<br>Patrick E. Brookhouser, Jr.<br>McGrath North Mullin & Kratz, PC LLP<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, NE 68102<br>E jpowers@mcgrathnorth.com<br>E pbrookhouser@mcgrathnorth.com |

CIGNA CORPORATION

By: */s/ Bartholomew L. McLeay*

John J. Hamill (admitted pro hac vice)
Joseph A. Roselius (admitted pro hac vice)
Mikiko A. Thelwell (admitted pro hac vice)
DLA Piper LLP (US)
203 North LaSalle, Suite 1900
Chicago, Illinois 60601
T 312.368.4000
E john.hamill@dlapiper.com
E joseph.roselius@dlapiper.com
E mikiko.thelwell@dlapiper.com

Bartholomew L. McLeay, #17746
Brooke H. McCarthy, #25077
Kutak Rock LLP
1650 Farnam Street
The Omaha Building
Omaha, Nebraska 68102-2186
T 402.231.8775
E bart.mcleay@kutakrock.com
E brooke.mccarthy@kutakrock.com

## CERTIFICATE OF SERVICE

      I, Bartholomew L. McLeay, an attorney, hereby certify that on February 27, 2017, I caused copies of the foregoing **Defendants' Brief in Support of Their Joint Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint** to be filed with the Court's CM/ECF system, which will cause service on the following:

Alan Rosca
Peiffer, Rosca, Wolf, Abdullah, Carr & Kane
1422 Euclid Avenue, Suite 1610
Cleveland, OH 44115
E arosca@prwlegal.com

J. Barton Goplerud
Brian O. Marty
Shindler Anderson Goplerud & Weese P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
E goplerud@sagwlaw.com
E marty@sagwlaw.com

Stephen D. Marso
Whitfield & Eddy, PLC
699 Walnut Street, Suite 2000
Des Moines, IA 50309
E marso@whitfieldlaw.com

*Counsel for Plaintiffs*

Edward D. Hotz
Pansing, Hogan Ernst & Bachman LLP
10250 Regency Circle Suite 300
Omaha , NE  68114-3728
E ehotz@pheblaw.com

*Counsel for Continental General Insurance Company*

James R. Matthews
Brian P. Muething
Keating Muething & Klekamp PPL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
E jmatthews@kmklaw.com
E bmuething@kmklaw.com

James G. Powers
Patrick E. Brookhouser, Jr.
McGrath North Mullin & Kratz, PC LLP
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
E jpowers@mcgrathnorth.com
E pbrookhouser@mcgrathnorth.com

*Counsel for Great American Financial Resource, Inc., and American Financial Group, Inc.*

                                                      */s/ Bartholomew L. McLeay*