IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN FASTRICH and UNIVERSAL INVESTMENT SERVICES, INC., | ) ) ) | CASE NO. 8:16CV487-LSC-FG3 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INC., AMERICAN FINANCIAL GROUP, INC. and CIGNA CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**GREAT AMERICAN FINANCIAL RESOURCES, INC. AND AMERICAN FINANCIAL GROUP, INC.'S COMBINED MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT**

Great American Financial Resources, Inc. ("GAFRI") and American Financial Group, Inc. ("AFG"), by their attorneys, respectfully submit this memorandum of law in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

**Summary**

Defendants AFG and GAFRI should be dismissed because Plaintiffs have not carried their burden to establish personal jurisdiction over them in Nebraska. The only allegations in Plaintiffs' complaint having to do with Nebraska are the bare claims that Defendant CGI's business headquarters were located in this district and that contracts between "Plaintiffs and CGI and/or Cigna" require disputes to be litigated in Nebraska. Even assuming the truth of those dubious claims, they have nothing to do with establishing jurisdiction over AFG and GAFRI.

Separately, AFG moves for dismissal for failure to state a claim. While AFG incorporates the arguments advanced in the lead joint motion, AFG submits this separate Brief to show that

Plaintiffs' bare and undifferentiated "and/or" allegations against the other defendants do not even mention AFG. Indeed there is no non-conclusory allegation of wrongdoing in the complaint against AFG. Dismissal is thus appropriate.

### **Allegations of the Complaint**[1]

AFG and GAFRI provide here only those allegations in the complaint that are material to the arguments advanced in their separate motion.

As to personal jurisdiction, Plaintiffs barely attempt to establish the connections of AFG and GAFRI to Nebraska.

Plaintiffs allege that they are, respectively, an Indiana resident and a company with its principal place of business in Indiana. (Complaint ¶¶ 14-15.)

Defendant CGI is alleged to be an Ohio corporation with its principal place of business in Texas and a former place of business in Nebraska. (Complaint ¶ 17.) Defendant GAFRI is alleged to be an Ohio corporation with its principal place of business in Texas. (Complaint ¶ 18.) Defendant AFG is alleged to be a Delaware corporation with a principal place of business in Ohio. (Complaint ¶ 19.) Plaintiffs also allege that "AFG owns CGI and GAFRI and is fully responsible for their wrongful acts." (*Id*.) Separately Plaintiffs allege that CGI "became part of GAFRI in 2006." (Complaint ¶ 20.)

With respect to jurisdiction and venue, Plaintiffs' allegations are limited to paragraph 13. Plaintiffs claim that a "substantial part of the events giving rise to the claims" occurred in Nebraska, that CGI's business headquarters were located in Nebraska at all relevant times, and

---

[1] For purposes of this motion, the plaintiffs' allegations are deemed true. In the event that this litigation continues beyond the disposition of this motion, Defendants reserve their right to challenge the accuracy of the complaint's allegations.

"upon information and belief" that contracts between "Plaintiffs and CGI and/or Cigna require disputes to be located in this District." (Complaint ¶ 13.)

## Argument

### I. The Complaint Fails to Establish Personal Jurisdiction Against AFG or GAFRI

It is well established that a defendant should not be subjected to a lawsuit in a State where it has little or no connection. More specifically, a defendant must have "minimum contacts" with the State for personal jurisdiction to exist. *E.g., International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When a defendant is sued in a State with which it has no minimum contacts, it may file a motion to dismiss on the grounds that the court lacks personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2).

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citations omitted). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction. *K—V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Id.* at 592 (citation omitted).

A federal court may assume personal jurisdiction over a defendant "if the forum State's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause of the Fourteenth Amendment." *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2016 U.S. Dist. LEXIS 71190, at *14 (D. Neb. June 1, 2016) (citing *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015)). Nebraska's long-

arm statute[2] permits personal jurisdiction over nonresident defendants to the fullest extent allowed by the Due Process Clause. *Id*. at *15 (citing *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003)). The Due Process Clause requires that a nonresident defendant have "minimum contacts" with the forum State such that exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *E.g., International Shoe,* 326 U.S. at 316.

Plaintiffs cannot establish personal jurisdiction against AFG or GAFRI under these standards. Plaintiffs do not allege, as they must to establish specific jurisdiction, that AFG or GAFRI have "certain contacts with the forum State and the cause of action arises out of those contacts." *Creative Calling Solutions, Inc.*, 799 F.3d at 979–80.[3] The allegations with respect to those companies actually contradict any suggestion of jurisdiction; the allegations are that AFG's and GAFRI's states of incorporation and businesses are outside Nebraska. (Complaint ¶¶ 18-19.) Moreover, Plaintiffs' allegation that CGI was headquartered in Nebraska (Complaint ¶ 13) (the complaint also contradicts this statement elsewhere ((Complaint ¶ 17)), does not establish personal jurisdiction over other corporate defendants such as GARFI and AFG. *See Ribeiro*, 2016 U.S. Dist. LEXIS 71190 at *12 & 22–29 (explaining that personal jurisdiction is an "individual right," and analyzing the issue separately for each individual defendant). Similarly,

---

[2] Nebraska's long-arm statute is codified at Neb. Rev. Stat. § 25-536.

[3] Nor could Plaintiffs establish general jurisdiction. General jurisdiction allows a court "to hear any and all claims against a defendant if its affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). But, "only a limited set of affiliations with a [State] will render a defendant amenable to [general] jurisdiction." *Id*. at 760. For a corporation, proper forum States consist primarily of the entity's "place of incorporation and principal place of business." *Id*. Plaintiffs fail to allege continuous and systematic activities by AFG or GAFRI in Nebraska. And Plaintiffs allege that the place of incorporation and principal places of business for AFG and GAFRI are outside Nebraska.

Plaintiffs' allegations, made on information and belief, that contracts between Plaintiffs and CGI and/or Cigna require disputes to be litigated in Nebraska also does not establish personal jurisdiction over GAFRI and AFG. This bare allegation should be disregarded because Plaintiffs do not attach the contracts or cite the relevant language. However, even accepting this bare allegation as true, Plaintiffs do not allege that *GAFRI* or *AFG* have entered into a contract with a forum selection clause requiring disputes to be litigated in Nebraska.

Plaintiffs would fare no better were they to argue that the alleged ownership of CGI by GAFRI and AFG establishes personal jurisdiction. Even assuming as true Plaintiffs' allegations regarding ownership of CGI by GAFRI and/or AFG, "[w]hether a subsidiary is subject to personal jurisdiction in the state has no effect on the jurisdictional inquiry regarding its parent." *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008).[4] To establish personal jurisdiction over AFG and GAFRI, Plaintiffs would have to establish that they "dominate[d] and control[led] the subsidiary; mere ownership of subsidiary is insufficient to justify personal jurisdiction." *Id*. Here there are no facts alleged which remotely suggest that this dominance and control have occurred.

## II.     AFG Should Be Dismissed for Failure to State A Claim

As the lead motion establishes, Plaintiffs' allegations against all of the Defendants are insufficient. But as to AFG, there are simply no allegations of any wrongdoing. AFG is not named in any of the claims for relief. Indeed AFG is referred to in just paragraphs 19 and 21 of the Complaint. In those paragraphs, Plaintiffs allege only that AFG owns CGI and GAFRI and is responsible for their wrongful acts. But this conclusory statement is without any factual support

---

[4] Plaintiffs' allegation that GAFRI or AFG owns CGI is actually *not* true. *See, e.g.,* Dkt. 20 (corporate disclosure statement declaring that CGI is owned by HC2 Holdings). But the fact that Plaintiffs have that wrong does not matter for purposes of the present argument because personal jurisdiction could not be established even if AFG or GAFRI owned CGI (which, again, they do not).

and should be disregarded. *Burke v. Citigroup, Inc.*, No. 4:06CV3194, 2006 U.S. Dist. LEXIS 91024 (D. Neb. Nov. 29, 2006) ("a mere conclusory statement that one corporation is the "alter ego" of another is not sufficient" to meet required pleading standard); *Express Scripts, Inc. v. Pharmland*, LLC, No. 4:15CV1251, 2016 U.S. Dist. LEXIS 138104 (E.D. Mo. Sept. 30, 2016) ("The bold statement that the individuals were the alter ego of the corporation is insufficient under the *Twombly* standard.").

## Conclusion

For these reasons, the motion should be granted.

Dated: February 27, 2017

Respectfully Submitted,

s/*Patrick E. Brookhouser, Jr.*
James G. Powers, Neb. I.D. # 17780
jpowers@mcgrathnorth.com
Patrick E. Brookhouser, Jr., Neb. I.D. # 19
pbrookhouser@mcgrathnorth.com
MCGRATH NORTH MULLIN & KRATZ, PC L
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Tel: 402.341.3070

-and-

James R. Matthews (*pro hac vice)*
jmatthews@kmklaw.com
Brian P. Muething (*pro hac vice)*
bmuething@kmklaw.com
KEATING MUETHING & KLEKAMP Pl
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
(513) 579-6507

*Attorneys for Defendants Great Ameri Financial Resources, Inc. and Ameri Financial Group, Inc.*

- 7 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 27, 2017, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent a copy to all counsel of record.

*s/Patrick E. Brookhouser, Jr.*
Patrick E. Brookhouser, Jr.

7391703.3