IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN FASTRICH and UNIVERSAL INVESTMENT SERVICES, INC., | ) ) ) | CASE NO. 8:16CV487 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INC., AMERICAN FINANCIAL GROUP, INC. and CIGNA CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF
THEIR JOINT RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, Continental General Insurance Company ("CGI") and Great American Financial Resources, Inc. ("GAFRI"), by their respective attorneys, respectfully submit this reply in further support of their joint motion to dismiss the complaint filed by John Fastrich and his insurance agency, Universal Investment Services, Inc. (collectively, "Fastrich"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Argument**

**I.  Fastrich's breach of contract claim should be dismissed with prejudice.**

Despite having nearly three months to either amend his complaint or respond to Defendants' motion to dismiss, it remains that Fastrich's breach of contract claim fails to state a claim for three reasons.

*First*, Fastrich's claim is entirely speculative because—although he claims to be a party to the "contracts" he is suing on and thus should be aware what provisions he thinks were

breached—he has neither attached the "contracts" to his complaint nor identified any specific duty or provision in those "contracts" that was supposedly violated. It goes without saying that when a plaintiff acts in this way, it makes it all but impossible for a court or the opposing parties to assess the validity of the plaintiff's claim. Yet, for whatever reason, this is precisely what Fastrich has intentionally chosen to do.

To be sure, in his complaint, Fastrich vaguely alleged that he had multiple "contracts" with Defendants (*see* Compl., ¶¶3, 32), but he failed to attach or identify any of those "contracts" specifically. And he compounded this problem by then alleging—without citation to or quotation from any particular one of these "contracts"—that various unidentified, alleged provisions of these "contracts" had been breached by some or all of the Defendants at unspecified times and in unidentified places. Not surprisingly, Defendants' moved to dismiss Fastrich's complaint on February 27, 2017, arguing, *inter alia*, that these vague allegations rendered Fastrich's complaint speculative and failed to show a plausible claim for breach of contract. *See, e.g., Braddock v. Primus Group, Inc.*, 2014 U.S. Dist. LEXIS 109284 (D. Neb. Feb. 5, 2014) ("A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice. The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'") (internal citations omitted).

Through a series of extensions, Fastrich then had nearly three months—until May 18, 2017—to either amend his complaint or respond to the motion to dismiss. Fastrich chose to respond and now argues that he need not provide this Court or the Defendants with the "contracts" on which he sues or cite with any specificity to any particular provision in these "contracts" which he claims were breached.

While there are certain cases (for example, when there is a single, easily identifiable contract with undisputed terms) where a plaintiff may be able to get away with such a scant complaint, this is decidedly *not* one of them. Indeed, one need only consider that Fastrich appears to have two broad theories under which he is trying to recover under multiple, unspecified "contracts." First, he claims his "contracts" entitled him to certain types of commissions that he did not receive. Second, he contends that the Defendants breached these "contracts" when they replaced certain old insurance policy forms with new state-approved forms, and then refused to allow Fastrich to sell any of the newly-approved insurance policies.

As to his commission theory, Fastrich claims that one or more of his "contracts" with "CGI, GAFRI, and/or Cigna" did not permit these Defendants to receive certain commissions which Fastrich now claims he should have received. *See* Compl. ¶ 32. But Fastrich does not say which of the Defendants received these commissions; what provision of any of the multiple "contracts" precluded the alleged conduct by the Defendants; or under what provision of such "contracts" he was owed any particular commissions or any other duty that was breached.

Similarly, concerning his theory about newly-approved insurance policy forms, Fastrich does not indicate which of his various "contracts" may have precluded any of the Defendants from seeking state approval to use new policy forms, nor does he indicate where in any of those "contracts" the Defendants were supposedly required to permit him to sell policies using these new forms.

Moreover, regardless of his theory of breach, Fastrich does not allege when any supposed breach occurred or when he suffered any alleged harm, thus making it impossible to assess whether his breach of contract claim is barred by any applicable statute of limitations. Indeed, by not attaching the "contracts," by failing to provide any details about the "contracts," and by failing to cite any particular provision in the "contracts," Fastrich has made it impossible to

determine which state's law applies for purposes of a statute of limitations defense (or any other potentially dispositive defense) that could otherwise be raised by Defendants through a motion to dismiss.

In response, Fastrich contends that "Paragraphs 3-11 [of his complaint] identify the terms of the contracts and required conduct." *See* Opp'n. Brief at 7. But these paragraphs are merely generic allegations such as "[a] licensed agent is entitled to commissions on insurance products that he or she sells" and that "[t]he agent of record is entitled to commissions and/or renewals on in-force policies and/or replacement policies." These allegations make no reference to the actual terms of any contract to which Fastrich was a party and they fail to identify what conditions and limitations there were on Fastrich's entitlement to any commissions.

**Second**, Fastrich's complaint impermissibly lumps-together all Defendants and makes no effort to distinguish between them, and his response to the motion to dismiss fails to cure this problem. As explained in Defendants' initial brief, the complaint is full of non-specific "and/or" allegations through which Fastrich vaguely contends that "CGI, GAFRI and/or Cigna" breached their various unidentified "contractual agreements." *See* Compl. ¶¶ 1, 2, 3, 13, 16, 23, 24, 25, 26, 28, 30, 32, 33, 34, 35, 36, 37, 38, 41, 42, 50, 53, 54, 57. Fastrich responds to this with a conclusory argument, simply claiming that somehow he has "made specific allegations against each Defendant." *See* Opp'n. Brief at 8. But the allegations Fastrich cites as supposedly being "specific" are the very same allegations that lump-together all of the Defendants. *See* Opp'n. Brief at 8-9, citing Compl. ¶¶ 36-38 (alleging that "CGI, GAFRI, and/or Cigna breached their contractual agreements" concerning the payment of commissions, and that "CGI, GAFRI, and/or Cigna failed to allow Plaintiffs to market CGI, GAFRI, and/or Cigna's new products, and failed to allow Plaintiffs to convert existing policyholders to the new policies.").

Making matters worse, at the same time Fastrich filed his response to Defendants' motion to dismiss, he voluntarily dismissed Cigna and American Financial Group, Inc. from this case. Thus, the remaining Defendants (CGI and GAFRI) are now faced with a complaint that alleges non-specific contractual breaches that may, according to the complaint, have been committed by Cigna even though it is no longer a party.

***Third***, Fastrich has failed to allege any non-speculative damages. As just one example, Fastrich alleges that he would have received commissions had he been permitted to sell Defendants' newly-approved insurance products. But, as explained previously in Defendants' initial brief, this theory is purely speculative because it assumes that Fastrich (as opposed to a different agent competing for the same business) would have successfully sold these products to unknown customers, at unknown times, in unknown places, and for unknown amounts. Likewise, Fastrich contends that he was entitled to commissions on long-term care policies sold prior to 2000, yet he fails to even allege that he ever sold such a policy, much less that he was entitled to commissions on any particular policy he sold.

Because Fastrich's complaint contains insufficient factual support for his breach of contract claim, and insufficient information from which this Court can determine either the existence of a duty owed by any particular Defendant, the date of any breach, the governing law, the existence of dispositive defenses, or the existence of non-speculative damages, Fastrich's breach of contract claim should be dismissed with prejudice. *See Braddock*, 2014 U.S. Dist. LEXIS 109284 at *23-24.

## II. Fastrich's claim for "tortious interference with contract" should be dismissed with prejudice.

Count II of Fastrich's complaint is titled "Tortious Interference with Contract," and the allegations following that title go on to allege that Defendants interfered with Fastrich's "valid,

existing contractual relationships with CGI and/or Cigna." *See* Compl. ¶ 53. Fastrich now argues that Count II of his complaint was "inartfully titled" and that it actually sets forth a claim for "tortious interference with business relationship or expectancy." *See* Opp'n. Brief at p 13, n.8.

But Fastrich's attempt to rename his claim fails to cure the underlying deficiencies because the law in Nebraska is that—with regard to either a claim for tortious interference with business relationship or expectancy, or for tortious interference with contract—a defendant cannot be held liable for interfering with a relationship or a contract to which they are a party, and any type of "tortious interference claim requires a 'third-party' interferer" who is a stranger to the relationship. *Bussing v. COR Clearing, LLC*, 2014 U.S. Dist. LEXIS 171801 at *15 (D. Neb. Dec. 10, 2014) (citing *Huff v. Swartz*, 258 Neb. 820, 606 N.W.2d 461, 467 (Neb. 2000)); *Brian v. Westside Cmty. Sch. Dist.*, 2006 U.S. Dist. LEXIS 57591 at *25 (D. Neb. Aug. 14, 2006); *Bucktail I Ranch v. Farm Credit Bank of Omaha*, 2 NCA 830 (Neb. Ct. App. Mar. 16, 1993) (collecting cases and holding that "tortious interference with business relationships arises only out of the relationships between three parties—plaintiff, defendant, and third party; if defendant interferes with his own contract with plaintiff, defendant does not, on that ground alone, commit tortious interference, and plaintiff's remedy is for breach of the contract between himself and defendant."); *see also* 44B Am Jur 2d Interference § 7 (recognizing that regardless of whether styled as a claim for tortious interference with a business relationship or for tortious interference with a contractual relationship, the "stranger doctrine" applies such that an interference claim cannot stand unless a stranger to the contract or relationship is the interferer).

Here, Fastrich argues that his claim is based on the notion that "Defendants tortiously interfered with Plaintiffs' business relationships with Defendants' insureds." Opp'n. Brief at 13. In other words, according to Fastrich, he is alleging that Defendants interfered with relationships

to which Defendants were a party. To be sure, Fastrich's theory is that Defendants were contractual parties to insurance policies they issued to certain policyholders; that these policyholders were also Fastrich's clients; and that it was these relationships between Fastrich, on the one hand, and the Defendants' policyholders/contractual counter-parties, on the other hand, that Defendants somehow interfered with. Further, Fastrich's alleged damages necessarily flow from his purported "contracts" with Defendants because Fastrich's only potential source of expectancy damages from Defendants' policyholders is the commissions allegedly owed to Fastrich by Defendants under the "contracts." Fastrich thus fails to allege (and, based on the facts, cannot allege) that Defendants were strangers to these transactions such that they could qualify as "third-party interferers." Accordingly, his claim for tortious interference fails as a matter of law and should be dismissed with prejudice.[1]

### III. Fastrich's claim for unjust enrichment should be dismissed with prejudice.

Because unjust enrichment is a quasi-contract theory, Fastrich was required to allege that there was an implied contract between himself and the Defendants that differs from the express contracts which form the basis of his breach of contract claim. *See Williams Solutions, Inc. v.*

---

[1] Fastrich also argues that the Defendants have failed to engage in a choice of law analysis, but he further claims that if Nebraska law applies, he has properly pled a claim for tortious interference with business relationship or expectancy. Defendants obviously have not engaged in a choice of law analysis for the simple reason that Fastrich has failed to identify any of the facts that one would need to know for choice of law, such as where the alleged misconduct occurred or where each of the supposed business relationships existed. Setting this aside, Fastrich alleges he is from Indiana, and if one were to assume based solely on this allegation that Indiana law would apply to his claim, the outcome would be the same because, under Indiana law, one cannot tortiously interfere with a contract or with a relationship to which they are a party. *See Bledsoe v. Capital One Auto Fin.*, 2016 U.S. Dist. LEXIS 43850, *17-18 (S.D. Ind. Mar. 31, 2016) (holding that Indiana recognizes claims for tortious interference with contract and tortious interference with business relationships; that the elements of tortious interference with business relationships "parallel those of tortious interference with contract;" and that a defendant cannot be liable for tortiously interfering with their own business relationships or their own contractual relationship).

*Cambian Bus. Servs.*, 2009 U.S. Dist. LEXIS 49075 (D. Neb. June 10, 2009) (holding that a plaintiff cannot recover under both an unjust enrichment claim and a breach of contract claim in the same case unless there is an implied agreement based on "conduct of the parties not covered by the express contract"). But despite Fastrich's attempt to argue otherwise, his complaint reveals that his claim for unjust enrichment is entirely duplicative of his breach of contract claim and that he has failed to allege (and, indeed, cannot allege) an implied contractual relationship that is distinct and separate from his express contract claim.

As further explained in *Williams*—where the court granted a Rule 12(b)(6) motion to dismiss an unjust enrichment claim—"a complaint may properly allege both express and implied contract theories of recovery, and the two theories may be pursued 'in the alternative,' . . . or simultaneously, *if the implied contract is based on a conferral of benefits that was not covered by an express contract . . . But unjust enrichment is not a viable theory when an enforceable contract governs the damages at issue.*" *Id.* (emphasis added) (internal citations omitted).

Here, with regard to his breach of contract claim, Fastrich alleges that the Defendants breached their various "contracts" by replacing Fastrich as the agent of record on certain insurance policies and by not allowing Fastrich to market and sell new insurance products. *See* Compl. ¶ 50. In his unjust enrichment claim, Fastrich incorporates these same allegations and asserts that by terminating their contractual relationships with Fastrich, Defendants were able to keep commissions Fastrich was supposedly entitled to under his contracts with Defendants. *See id.* ¶¶ 59-62. But Fastrich does not allege that there was an implied contract between himself and any of the Defendants, much less that any such implied contract covered conduct that was not already covered by the express "contracts" that form the basis of his breach of contract claim. Under these circumstances, Fastrich's unjust enrichment claim fails as a matter of law and should be dismissed with prejudice.

### IV. Fastrich's request for punitive damages and attorneys' fees and costs should be stricken.

Fastrich seeks to avoid dismissal of his request for punitive damages and attorneys' fees by again arguing that the Defendants have failed to engage in a choice of law analysis, and thus he suggests that Nebraska law might not apply. But it is Fastrich who has failed to allege facts sufficient for anyone—including apparently Fastrich himself—to tell which state's law might apply to any of his claims. Under these circumstances, and given the fact that Fastrich consciously chose to bring him claims in Nebraska (which he apparently did because Defendant CGI had its principal place of business in Omaha at a time relevant to Fastrich's contract claim) it is reasonable to assume that Nebraska law would apply to Fastrich's request for punitive damages and fees. *See Jamison v. Depositors Ins. Co.*, 2015 U.S. Dist. LEXIS 52340 (D. Neb. Apr. 15, 2015) (analyzing choice of law factors because competing states differed on the recovery of punitive damages and concluding that Nebraska law, and its prohibition on punitive damages applied, because the case centered around a contract was issued in Nebraska and governed by Nebraska law, and the relationship between the parties was thus centered on Nebraska; further holding that Nebraska also has a clear policy interest, grounded in a constitutional prohibition, against allowing the recovery of punitive damages).

Accordingly, to the extent his claims are not dismissed in their entirety, Fastrich's request for punitive damages and attorneys' fees and costs should be dismissed.

| | |
|---|---|
| Dated: July 17, 2017 | Respectfully submitted, |
| CONTINENTAL GENERAL INSURANCE COMPANY | GREAT AMERICAN FINANCIAL RESOURCES, INC., AMERICAN FINANCIAL GROUP, INC. |
| By: /s/ Edward D. Hotz | By: /s/ Brian P. Muething |
| Edward D. Hotz (#11927)<br>Pansing, Hogan Ernst & Bachman LLP<br>10250 Regency Circle Suite 300<br>Omaha , NE  68114-3728<br>E ehotz@pheblaw.com | James R. Matthews (admitted pro hac vice)<br>Brian P. Muething (admitted pro hac vice)<br>Keating Muething & Klekamp PPL<br>One East Fourth Street, Suite 1400<br>Cincinnati, OH 45202<br>E jmatthews@kmklaw.com<br>E bmuething@kmklaw.com<br><br>James G. Powers<br>Patrick E. Brookhouser, Jr.<br>McGrath North Mullin & Kratz, PC LLP<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, NE 68102<br>E jpowers@mcgrathnorth.com<br>E pbrookhouser@mcgrathnorth.com |

## CERTIFICATE OF SERVICE

I, Edward D. Hotz an attorney, hereby certify that on July 17, 2017, I caused copies of the foregoing **Defendants' Reply In Further of Their Joint Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint** to be filed with the Court's CM/ECF system, which will cause service on the following:

Alan Rosca
Peiffer, Rosca, Wolf, Abdullah, Carr & Kane
1422 Euclid Avenue, Suite 1610
Cleveland, OH 44115
E arosca@prwlegal.com

J. Barton Goplerud
Brian O. Marty
Shindler Anderson Goplerud & Weese P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
E goplerud@sagwlaw.com
E marty@sagwlaw.com

Stephen D. Marso
Whitfield & Eddy, PLC
699 Walnut Street, Suite 2000
Des Moines, IA 50309
E marso@whitfieldlaw.com

*Counsel for Plaintiffs*

Edward D. Hotz
Pansing, Hogan Ernst & Bachman LLP
10250 Regency Circle Suite 300
Omaha , NE  68114-3728
E ehotz@pheblaw.com

*Counsel for Continental General Insurance Company*

James R. Matthews
Brian P. Muething
Keating Muething & Klekamp PPL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
E jmatthews@kmklaw.com
E bmuething@kmklaw.com

James G. Powers
Patrick E. Brookhouser, Jr.
McGrath North Mullin & Kratz, PC LLP
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
E jpowers@mcgrathnorth.com
E pbrookhouser@mcgrathnorth.com

*Counsel for Great American Financial Resource, Inc.*

.

/s/Edward D. Hotz